1

2

3

4            UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
5                AT TACOMA

6 ROBERT C.,

7                  Plaintiff,         Case No. 3:23-cv-05001-TLF

8       v.                           ORDER AFFIRMING
                                      DEFENDANT'S DECISION TO
9 ACTING COMMISSIONER OF SOCIAL    DENY BENEFITS
SECURITY,

10                Defendant.

11

12         Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of

13 defendant's denial of plaintiff's application for disability insurance benefits ("DIB")

14 Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule

15 MJR 13, the parties have consented to have this matter heard by the undersigned

16 Magistrate Judge. Dkt. 3. Plaintiff challenges the Administrative Law Judge's ("ALJ")

17 decision finding that plaintiff was not disabled. Dkt. 5, Complaint.

18 I.       Procedural Background

19         On July 17, 2017 plaintiff filed an application for DIB alleging an onset date of

20 May 17, 2017. AR 190, 213. Plaintiff's claim was denied initially and upon

21 reconsideration. AR 124-28, 130-36. A hearing was conducted by Administrative Law

22 Judge ("ALJ") M.J. Adams on May 14, 2019. AR 43-91. At the hearing, plaintiff

23 amended his alleged onset date to November 1, 2017. AR 87-89. On July 2, 2019, ALJ

24

25                                                                  1

1   Adams issued a decision finding plaintiff not to be disabled. AR 12-30. The Appeals

2   Council declined review and plaintiff filed an appeal. AR 1-6.

3         On September 20, 2021, this Court reversed and remanded for further

4   administrative proceedings and directed the ALJ to re-evaluate Dr. Parlatore's mental

5   health opinion and plaintiff's testimony on remand. AR 549, 550-559.

6         On October 11, 2022, a hearing was conducted by ALJ Glenn Meyers. AR 485-

7   515. The date last insured for DIB would be September 30, 2024. AR 453. On October

8   31, 2022, ALJ Meyers issued a decision finding plaintiff not to be disabled. AR 447-484.

9         The ALJ found plaintiff had the following severe impairments: asthma, obesity,

10   hypertension, lumbar spondylitis, post-traumatic stress disorder ("PTSD"), depressive

11   disorder, anxiety disorder, and cannabis use disorder. AR 454. The ALJ determined

12   plaintiff had the residual functional capacity ("RFC") to perform light work as defined in

13   20 CFR § 404.1567(b) with additional limitations. AR 458.

14   II.    Factual Background

15         On December 4, 2017 plaintiff competed a Function Report and indicated that he

16   could only walk one block before needing to stop and rest for a period of 10-15 minutes.

17   AR 240. On May 14, 2018, plaintiff completed a function report and reported he was

18   limited to walking an eighth of a mile at a time before needing to rest for at least 10

19   minutes due to overweight/asthma. AR 268.

20         At the hearing on May 14, 2019 plaintiff testified that he worked as an

21   Emergency Medical Technician ("EMT") for 17 years prior to being terminated due to

22   taking an excessive amount of time off to care for his wife. AR 51. He testified that he

23   was presently unable to work as an EMT or as an Emergency Room ("ER") Tech which

24

25

he also had experience in, due to anxiety and physical limitations. AR 60. When the ALJ asked about the physical limitations, plaintiff stated that he has bursitis in his right shoulder, and a left shoulder and left elbow injury. AR 69. He also stated that he has lumbar issues which make it difficult to sit for long periods of time. *Id*.  He additionally testified that he is limited to standing for 30-40 minutes at a time. AR 70. He testified that he enjoys walking in the woods with the use of a walking stick, but can only walk for about 15 minutes before he needs to stop and lean on his stick for a period of 10 minutes. AR 73-74. He testified that he was going to the YMCA twice a week where he would walk on the treadmill for 40 minutes. AR 77-78.

At the hearing held on October 11, 2022, plaintiff testified that he had lost 175 pounds since the death of his wife which he characterized as involuntary due to not eating right. AR 508. He reported that his current weight was about 310 pounds, down from 445. *Id*.

STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id*.

1   The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did

2   not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope

3   of the Court's review. *Id.*

4                                            DISCUSSION

5       I.      Consideration of obesity

6           Plaintiff contends that the ALJ's decision is not supported by substantial evidence

7   because the ALJ improperly discredited plaintiff's assertions about symptoms and

8   limitations. Dkt. 12 at 4. Specifically, plaintiff alleges that the ALJ improperly discredited

9   his testimony about the impact on his ability to stand and walk based on the fact that

10  plaintiff lost a significant amount of weight between May 2017 and May 2018. *Id.*

11          The ALJ must consider the limiting effects of plaintiff's obesity when assessing

12  their RFC. Social Security Ruling 19-2p ("SSR 19-2p"), *Titles II and XVI: Evaluating*

13  *Cases Involving Obesity*, 84 FR 22924-01, 2019 WL 2161798 (May 20, 2019). The

14  combined effects of obesity with other impairments may be greater than the effects of

15  each of the impairments considered separately when the impairments effect weight-

16  bearing joints causing more pain and functional limitations than the impairment alone.

17  *Id*. "As with any other impairment, [the ALJ] will explain how [the Administration]

18  reached our conclusion on whether obesity causes any limitations." *Id.*

19          In this case, the ALJ found plaintiff's obesity to be a severe impairment. AR 454.

20  In formulating the RFC, the ALJ discounted plaintiff's contention that he has a significant

21  limitation of tolerance for walking due to a lack of corroboration in the medical record,

22  specifically evidence that he was able to use exercise to achieve weight loss and

23  normal strength findings and mobility found on exam. AR 461. The ALJ found that

24

25                                                4

excess weight could contribute to asthma exacerbations and indicated a restriction of exposure to pulmonary irritants. *Id*. The ALJ also found that hypertension and obesity could impair plaintiff's tolerance for postural changes and climbing, particular vertical climbing. AR 461-62.

The ALJ considered the opinion of consultative examiner Dr. Deem and the medical findings of state agency medical consultant Dr. Rubio which he found to be persuasive as to exertional and environmental limitations. AR 469. And the ALJ discounted Dr. Deem's opinion and Dr. Rubio's findings of limitation as to a lack of any postural limitations partially because at the time of Dr. Deem's examination plaintiff weighed 372 pounds which was reduced from earlier findings. AR 469-70.

The ALJ adequately considered the work-related limitations caused by plaintiff's obesity – based on medical assessments in the record; the ALJ also considered the fluctuations in plaintiff's weight when formulating the RFC. *Compare, Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005) (ALJ did not err in recognizing that plaintiff's weight of 222 pounds likely contributed to back discomfort and determining that she could perform light work with restrictions on reaching overhead and avoiding concentrated exposure to pulmonary irritants) *with Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003) (ALJ erred in failing to consider impact of Body Mass Index of at least 44 on pro se plaintiff's ability to work). Additionally, plaintiff does not point to nor is there any evidence in the record to support the alleged walking and standing limitations asserted by plaintiff. *Burch*, 400 F.3d at 684.

Plaintiff alleges that "the fact the [p]laintiff began losing weight in June 2018 (391 pounds) (AR 991) and subsequently was down to a body mass index of 42.54 by

1   December 2021 is irrelevant to the effect of [p]laintiff's extreme morbid obesity at over

2   400 pounds on his RFC before any weight loss occurred (May 2017-May 2018)." Dkt.

3   12 at 5-6. Yet, plaintiff has overlooked the ALJ's reasoning about plaintiff's weight loss;

4   the ALJ cited plaintiff's weight loss through exercise to discount plaintiff's testimony that

5   he could not walk for an eighth of a mile without stopping for a ten-minute break. *See*

6   461. The ALJ may consider inconsistencies in a plaintiff's testimony in assessing the

7   credibility of a plaintiff's testimony regarding subjective pain or the intensity of

8   symptoms. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

9                                          CONCLUSION

10          Based on the foregoing discussion, the Court concludes the ALJ properly

11   determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

12

13          Dated this 20th day of October, 2023

14

15                                                  Theresa L. Fricke
                                                    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25